HARDY, Judge.
This action by plaintiff seeks recovery of damages to a freight shipment allegedly sustained in the course of transportation by the defendant motor freight carrier. From judgment in favor of defendant rejecting plaintiff’s demands he prosecutes this appeal.
Plaintiff’s original petition alleged as a cause of action that defendant, Herrin Transportation Company, was the carrier of a shipment of air-conditioning units from New Orleans to Shreveport and that damage to some of the units was discovered upon arrival of the shipment in Shreveport and before delivery to plaintiff. Defendant’s answer asserted that the units were packaged and that it had no knowledge of the condition of the goods at the time they were accepted by it for shipment. Subsequently, plaintiff filed a supplemental petition naming McGraw-Edison Company as defendant and asserting a claim based upon the allegation that said defendant had intentionally shipped damaged merchandise. Neither the allegations of this supplemental pleading nor the prayer for relief were made in the alternative. Responsive to the exception of vagueness filed by defendant, McGraw-Edison Company, plaintiff filed a second supplemental petition alleging that some or all of the air-conditioning units were damaged in course of shipment from the said defendant’s plant in Michigan to its New Orleans warehouse. Defendant, McGraw-Edison, answered plaintiff’s petitions, generally denying liability, asserting a reconventional demand against plaintiff, and as third party plaintiff prayed for judgment over against the original defendant, Herrin Transportation Company.
On the day the case was called for trial defendant, Herrin, filed an exception of no cause of action which was referred to the merits. Plaintiff voluntarily dismissed its demands against the defendant, McGraw-Edison, which in turn voluntarily dismissed its reconventional demand against plaintiff and Its third party demand against Herrin.
Before this court counsel for defendant re-urges the exception of no cause of action on the ground that plaintiff’s demands asserted in its supplemental pleadings against McGraw-Edison negatived the liability of the defendant, Herrin, and were inconsistent with the demands made in the original petition.
The effect of defendant’s exception appears to be in the nature of an objection predicated upon the improper cumulation of parties defendant. C.C.P. Article 463 permits the cumulation of inconsistent or exclusive actions if pleaded in the alternative. However, it is the basis of defendant’s objection that plaintiff’s supplemental pleadings were not couched in the alternative and as a result it was released from responding to the demands of the original, *169 petition. This does not follow, for C.C.P. Article 464 specifically provides that in the event of such an improper cumulation as is here urged the court may:
“ * * * order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. The penalty for noncompliance with an order to amend is a dismissal of plaintiffs suit.”
It matters not whether the issue of pleading presented in this suit is regarded as an improper cumulation of actions or parties in view of the provisions of C.C.P. Article 647 that the joinder of parties is governed by the same rules which regulate the cumulation of actions as provided in Articles 463 through 465.
The only appropriate relief which would have been responsive to defendant’s exception would have been an order of the court upon plaintiff to elect as between the inconsistent actions. The same result was accomplished by plaintiff’s voluntary dismissal of his claims against McGraw-Edi-son, and it follows that defendant’s contention must be rejected.
On the merits appellant urges that the evidence supports plaintiff’s claim that the assignment of air-conditioning units was received by defendant, Herrin, in New Orleans for shipment and that the damage was discovered after arrival of the shipment in Shreveport before delivery to plaintiff and while still in defendant’s possession.
The general rule of liability in this case is established by R.C.C. Article 2754 which provides that carriers are liable for loss or damage of the things entrusted to their care.
The evidence establishes the fact that defendant carrier picked up the shipment in New Orleans, transported the same to Shreveport; that it was examined by plaintiff consignee and one of defendant’s employees after arrival and found to be damaged. To some extent the damages were noted on the freight bill and subsequently an inspection which disclosed further damage was made by a representative of defendant carrier. Under these facts it would be difficult to reach the conclusion that the damage had not occurred while the shipment was in transit.
Plaintiff testified that he received a packet of documents from defendant in the course of his negotiations with respect to his claim for damages, which packet was tendered in evidence and admitted without objection. One of the documents was a photostat of the bill of lading covering the shipment involved in this suit. Counsel for defendant objects to the consideration of this document on the ground that it was not verified as to preparation, signature, etc. In view of the fact that, as above observed, the document was offered and received in evidence without objection, we think it must be accepted in support of plaintiff’s claim.
Counsel for appellee further argues that even if the bill of lading is considered, it' applies to a shipment of packaged units the “* * * contents and condition of contents of packages unknown * *
It was the testimony of defendant’s representative that a packaged shipment is not accepted if there is any evidence of damage, but in certain instances it is possible for the condition of the packages to escape attention. However this may be, it does not relieve the carrier of the implication that the packages were in good condition since they were accepted and transported.
Neither is there any question as to the fact that the damaged condition of some of the packages was obvious at the time of the examination made by plaintiff and one of defendant’s agents or employees. Subsequent close inspection established the nature and extent of the damages.
*170 After our examination of the record we are convinced that the evidence preponderates in support of plaintiff’s claim, and,
It is ordered, adjudged and decreed that the judgment appealed from be and it is hereby set aside and reversed, and there is now judgment in favor of plaintiff, J. R. Bowlin, and against the defendant, Herrin Transportation Company, in the full sum of $468.38, together with legal interest thereon from date of judicial demand until paid, and for all costs of both courts.
Rehearing denied.